UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER G. WILEY, III

VERSUS                                                    CIVIL ACTION

LOUISIANA STATE PRISON, ET AL            NUMBER 11-840-JJB-SCR

## ORDER TO PAY FULL FILING FEE

Pro se plaintiff, while confined at the Central Louisiana State Hospital, Pineville, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana State Prison, the Department of Health and Hospitals, the Civil Rights Division and Gilda Wesley.

Plaintiff did not pay the filing fee or file a motion to proceed in forma pauperis. However, a review of the court's records showed that the plaintiff is barred from proceeding in forma pauperis.

Section 1915 of Title 28 of the United States Code provides in pertinent part the following:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996), the

Fifth Circuit Court of Appeals held that: (1) section 1915(g) applies to cases pending on the effective date of the statute; and, (2) a suit dismissed prior to the effective date of the statute on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, is considered within the ambit of the "three strikes" provision of section 1915(g). Dismissals as frivolous in the district courts or the court of appeals count for the purposes of the statute. *Id*. Dismissals include only those for which appeal has been exhausted or waived. *Id*. However, dismissals later reversed are not to be counted as a strike. *Id*. By contrast, the frivolous appeal of a lower court's dismissal as frivolous counts twice. *Id*.

Plaintiff has, on more than three prior occasions, while incarcerated, brought an action in federal court that was dismissed as frivolous or for failure to state a claim upon which relief can be granted.[1] Section 1915(g) contains an exception that allows prisoners whose privileges have been revoked to proceed in forma pauperis in cases involving imminent danger of serious physical injury. Plaintiff's claims do not fall under the exception.

---

[1] A list of cases dismissed as frivolous or failure to state a claim include: *Christopher G. Wiley v. C.M. Lensing, et al*, CV 96-453 (M. D. La.); *Christopher George Wiley v. Louisiana State Penitentiary*, CV 96-454 (M.D. La.); *Christopher George Wiley v. Richard Ieyoub*, CV 99-644-C-3 (M.D. La.); *Christopher G. Wiley v. Judge Janice Clark, et al*, CV 00-420-D-3 (M.D. La.); *Christopher G. Wiley v. Office of Family Support, et al*, CV 01-308-C-2 (M.D. La.); and *Christopher G. Wiley, III v. Social Security Administration, et al*, CV 07-692-RET.

Therefore;

IT IS ORDERED that the plaintiff is barred from proceeding in forma pauperis because he has, on more than three prior occasions, while incarcerated, brought an action in federal court that was dismissed as frivolous or for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that the plaintiff is granted 21 days from the date of this order to pay the court's filing fee in the amount of **$350**.

**The filing fee must be paid in full in a single payment. No partial payment of fees will be accepted.** Failure to pay the filing fee within 21 days shall result in the dismissal of the plaintiff's complaint without prejudice.

Baton Rouge, Louisiana, December 21, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE